[Cite as *State v. Moore*, 2026-Ohio-2807.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAC 10 0093 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware Municipal Court, Case No. 25CRB00718 |
| DANIEL MOORE, | Judgment:   Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 21, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** AMELIA BEAN-DeFLUMER, City Prosecutor, for Plaintiff-Appellee; JONATHAN KLEIN, for Defendant-Appellant.

*Montgomery, J.*

{¶1}   Defendant-Appellant, Daniel Moore, ("Appellant") appeals from the judgment of the Delaware Municipal Court finding him guilty of sexual imposition, a third-degree misdemeanor.  For the reasons below, we AFFIRM.

**STATEMENT OF THE FACTS**

{¶2}   In June 2025, the victim was working her shift in the emergency department of a hospital in Westerville, Ohio.  The victim works in the financial/registration area and assists

individuals with insurance. She is not a trained health care worker. On the day in question, the victim was waiting to speak to a patient in one of the emergency department rooms. She noticed Appellant, who had been discharged, wandering up and down the hallway, after he was told by several employees to stay in his room. At some point, the victim encountered Appellant near some empty rooms and told him the rooms needed to remain open and to stay out. The victim and Appellant then had a conversation, and Appellant told the victim he needed financial assistance. The victim responded that Appellant did have insurance and she offered to go back to her computer and show him. They both returned to the victim's elevated computer area and the victim stepped up to her computer.

{¶3}     Appellant approached the victim from behind, apparently with an erection, and moved from side to side, touching the victim's butt area. Appellant then grabbed her butt. Appellant asks the victim if they can go somewhere "more private." The victim froze and did not know what to do next. Knowing there are numerous cameras throughout the hospital and that some of the rooms have a camera, including Appellant's previous room, the victim began to walk away from her computer station down the hallway. Appellant followed her to his previous room and sat on the bed while she remained in the doorway. As the victim attempted to leave, Appellant grabbed her hand and pulled her back. The victim was able to pull herself away and walk back to her computer. Appellant again approached the victim and tried to apologize for what just happened.

{¶4}     Eventually, a nurse in the area noticed something was not right and asked the victim if she was ok. The victim replied no, and two on sight police officers were called to the area. Officer Mistovich spoke to the victim and Officer Hutchinson, who wore a body camera, spoke to Appellant. Appellant admits to Officer Hutchinson that he rubbed his penis

against the victim's butt and ran his finger across her butt.  Appellant also admits that he realized it was offensive to the victim and she did not want to be touched.

## STATEMENT OF THE CASE

{¶5}    On June 27, 2025, Appellant was charged with one count of Sexual Imposition, a violation of  Revised Code 2907.06, a third-degree misdemeanor.  On July 1, 2025, Appellant filed a motion to file a written plea out of rule, suggesting that the Appellant was not competent to stand trial and requested to enter a plea of Not Guilty by Reason of Insanity. The trial court ordered a competency evaluation and set a hearing for August 12, 2025. At that hearing, the parties stipulated to the written competency report prepared by Forum Ohio, finding Appellant competent to stand trial.  The trial court set the case for a final pretrial and a jury trial.  On August 19, 2025, trial counsel filed a motion for a change of plea, which was set for August 29.  At that change of plea hearing, Appellant decided he did not want to plead guilty, and the case was again set for trial.

{¶6}    On Tuesday, September 23, 2025, two days before trial was to begin, the State of Ohio received and disclosed the video footage from the emergency room department camera involving Appellant and the victim.  The video was approximately 6 minutes in length.  Previously, well before trial, the State disclosed the officer's body worn camera video from the officer who arrived on scene immediately after the incident and spoke to Appellant. In that footage, Appellant admits he rubbed his penis against the victim's butt and that she did not welcome the encounter.  The next day, Appellant requested a continuance citing the State's late disclosure of the hospital video.  Appellant renewed the motion the morning of trial and, in addition, raised the competency issue for the second time.  After a colloquy with

the Appellant, the trial court denied both motions and the case proceeded to trial. That same day, a jury convicted Appellant as charged.

## ASSIGNMENTS OF ERROR

{¶7} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A CONTINUANCE DESPITE THE STATE'S LATE DISCLOSURE OF CRITICAL DISCOVERY, THEREBY DEPRIVING APPELLANT OF ADEQUATE TIME TO PREPARE A DEFENSE."

{¶8} "II. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY PROCEEDING TO TRIAL WITHOUT CONDUCTING A COMPETENCY HEARING AS REQUIRED BY RC. 2945.37 AFTER DEFENSE COUNSEL RAISED LEGITIMATE CONCERNS REGARDING APPELLANT'S COMPETENCY."

## ANALYSIS

### 1) Denial of Continuance

{¶9} A trial court's decision to grant or deny a motion for continuance is reviewed for abuse of discretion. *State v. Unger,* 67 Ohio St.2d 65, 67 (1981). A decision constitutes an abuse of discretion when it is unreasonable, arbitrary, or unconscionable, meaning more than error of judgment. *State v. Creamer,* 2025-Ohio-5430, ¶ 12 (2d Dist.). In determining whether a trial court abused its discretion in denying a continuance, courts consider several factors, including the length of the requested delay, prior continuances, inconvenience to the court and parties, the legitimacy of the reason for the request, and whether the defendant contributed to the circumstances necessitating the continuance. *Unger,* at 67-68.

{¶10} Here, defense counsel requested a brief continuance after informing the trial court that the State disclosed the hospital video evidence two days before trial. Defense counsel stated the video evidence was "critical" to the defense and counsel had only 20-30 minutes with Appellant prior to trial to review and discuss it. Appellant's argument is without merit.

{¶11} The State provided the on-scene officer's body cam video evidence well prior to trial. In that video, Appellant admits that he rubbed his penis against the victim, that the victim did not want to be touched, and that it was offensive to her. Defense counsel was well aware of the factual scenario that took place and the hospital's video merely provided real time confirmation of those facts. Because defense counsel was aware of the critical facts well before trial, there was no prejudice to Appellant in denying the motion and proceeding with trial.

{¶12} Further, the entirety of the hospital video was approximately six minutes. Trial counsel acknowledged receiving the video two days before trial, giving more than 24 hours to review it and prepare accordingly. It appears from the record that counsel and Appellant had difficulty meeting before trial, meaning the need for the continuance was not necessitated by the State's late disclosure as argued by Appellant. Further, at the time of Appellant's request, the parties, witnesses, and jury pool were assembled and ready to proceed. For all of these reasons, the trial court did not act arbitrarily, unreasonably, or unconscionably in denying the motion for continuance. Appellant's first assignment of error is overruled.

### 2) Issue of Competency

{¶13} "Fundamental principles of due process require that a criminal defendant who is legally incompetent may not be tried." *State v. Thomas*, 2002-Ohio-6624, ¶ 36. Whether a defendant is competent depends on whether he or she has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." *State v. Were*, 2008-Ohio-2762, ¶ 45, quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960).

**{¶14}** R.C. 2945.37 addresses a defendant's competency to stand trial. "If the issue [of competency to stand trial] is raised before the trial has commenced, the court *shall* hold a hearing on the issue." *Id.* Pursuant to R.C. 2945.37(G), a criminal defendant is rebuttably presumed to be competent to stand trial. *State v. Barton*, 2006-Ohio-1324, ¶ 56; *State v. Lynch*, 2025-Ohio-2769 (8th Dist.). To rebut this presumption, the defendant's incompetency to stand trial must be established at the hearing by a preponderance of the evidence. *Id.*

**{¶15}** A court shall find a defendant incompetent to stand trial if, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense. *State v. Hough*, 2022-Ohio-4436, ¶ 21. "A trial court may use its own observations of a defendant's demeanor when applying the competency criteria, and as long as the court's finding is supported by some competent, credible evidence, the fact that the defendant's demeanor played a part in the court's decision is not reversible error." *State v. Allison*, 2010-Ohio-2941, ¶ 19, quoting *State v. Stanley*, 121 Ohio App.3d 673, 694 (1997).

**{¶16}** "Prevailing case law on the standard of appellate review to be applied to trial court competency determinations is well established. If the record contains reliable and credible evidence in support of the trial court's conclusion deeming the defendant legally competent, then the appellate court will not disturb the finding of legal competency." *State v. Hardin,* 2007-Ohio-747, ¶ 15, citing *State v. Williams*, 23 Ohio St.3d 16 (1986).

**{¶17}** As stated, on July 1, 2025, trial counsel filed a motion for competency evaluation and for leave to file a plea of Not Guilty by Reason of Insanity (NGRI). Appellant submitted to a competency evaluation. At the time of said evaluation, Appellant was not on

any prescribed medications and only started taking meds after the evaluation. On August 12, 2025, prior to trial, the court held the competency hearing. Although the transcript of that hearing is not included as part of the appellate record, it is clear that the State and defense counsel stipulated to the findings in the report, indicating Appellant was competent. The court likewise found Appellant to be competent to stand trial.

{¶18} Appellant does not argue that the initial competency determination is improper. Rather, Appellant argues the trial court failed to sufficiently inquire regarding Appellant's competency after counsel raised the issue on the morning of trial, September 25, 2025. As stated above, on that day, Appellant's counsel again raised the issue of competency based on the fact that Appellant had not taken his prescribed medications that day. The trial court, well aware of Appellant's mental illness diagnoses, immediately proceeded with an inquiry. The court inquired as to Appellant's understanding of the allegations, the nature of the proceedings, the parties involved, the prosecutor's job, and that he needed to work with his counsel to present a defense. The following colloquy took place:

> THE COURT: All right. Well, Mr. Moore was not under medication when he performed the evaluation, the competency evaluation and he was found competent. I understand that he's since been prescribed medication. I don't know what those medications are, but, um, he presents here today as not having a full understanding of how the judicial system works, but he presents as, uh, you know, he's clear, he's concise that he understands, um the basic roles of the proceedings, that, that you're his attorney and he's to help you, um. That he has, uh, processing that's clear and logical. Normal speech this morning.

The rate, the flow, the rhythm. I think overall he to a sufficient degree understands the, the nature of the proceedings today.

Trial Tr. at 17-18.

{¶19} The above exchange demonstrates that Appellant was in fact not medicated at the time of his initial competency evaluation, when he was found competent. It is unclear how Appellant's failure to take his medications on the morning of trial seriously impacted his competency. Further, when inquiring whether Appellant understood the various roles and stages of proceedings, if Appellant was unclear, the court took the time to explain it until Appellant understood. As stated by the trial court, Appellant may not be legally adept but overall, he understood what was happening and that the trial was taking place to determine whether he committed the acts complained of by the State. Indeed, the record demonstrates Appellant had a rational, as well as factual, understanding of the proceedings against him.

{¶20} Because the Appellant was not medicated at the time of his competency evaluation, there was no reason for the trial court to find that he was now incompetent because he had not taken the medication. That fact and the understanding Appellant demonstrated during the morning of trial provide a more than adequate inquiry as to Appellant's competency. Upon review, we find the trial court fully complied with its duty. The record contains reliable and credible evidence in support of the trial court's conclusion. Accordingly, Appellant's second assignment of error is overruled.

## CONCLUSION

{¶21} Appellant's first and second assignments of error are overruled and the judgment of the Delaware Municipal Court is AFFIRMED.

{¶22} Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.